1  LOCKE LORD LLP
   Regina J. McClendon (SBN 184669)
2  rmcclendon@lockelord.com
   Lindsey E. Kress (SBN 278213)
3  lkress@lockelord.com
   44 Montgomery Street, Suite 4100
4  San Francisco, CA 94104
   Telephone: (415) 318-8810
5  Fax: (415) 676-5816
6
7  Attorneys for Defendant
   U.S. BANK NATIONAL ASSOCIATION
8
9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11

12  JERRY A. INNISS, an individual and borrower,     )   CASE NO.: 3:15-cv-00423-JSW
                                                     )
13                         Plaintiff,                )   **DEFENDANT'S MOTION TO
                                                     )   DISMISS PLAINTIFF'S
14          vs.                                      )   COMPLAINT**
                                                     )
15  U.S. BANK N.A., a business entity; and DOES 1    )   Date: March 13, 2015
16  through 10 inclusive,                            )   Time: 9:00 a.m.
                                                     )   Place: Courtroom 5, 2nd Floor
17                         Defendants.                )
                                                     )
18  _____         )   Complaint Filed:  December 19, 2014

19
20
21          **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**
22          **PLEASE TAKE NOTICE** that on March 13, 2015 at 9:00 a.m., or as soon thereafter as the
23  matter may be heard in the above-entitled Court, defendant U.S. Bank National Association ("U.S.
24  Bank" or "Defendant"), through its undersigned counsel, will bring for hearing, in Courtroom 5 of
25  the United States Courthouse located at 1301 Clay Street, Oakland, California, its Motion to Dismiss
26  the Complaint filed by plaintiff Jerry A. Inniss ("Plaintiff").
27
28

*(left margin, rotated)* **Locke Lord LLP** 44 Montgomery Street, Suite 4100 San Francisco, CA 94104

1    U.S. Bank seeks dismissal of the Complaint and each of its causes of action pursuant to

2  Federal Rule of Civil Procedure 12(b)(6) on the ground that each cause of action fails to state a claim

3  upon which relief can be granted.

4    This Motion is based on this Notice of Motion and Motion, the below Memorandum of

5  Points and Authorities, U.S. Bank's Request for Judicial Notice filed concurrently herewith, the

6  pleadings, papers and records on file in this action, and such oral argument as may be presented at

7  the time of the hearing.

8

9  Dated:  February 5, 2015                    Respectfully submitted,
                                              LOCKE LORD LLP
10                                             By:  /s/  Lindsey E. Kress
                                              Regina J. McClendon
11                                             Lindsey E. Kress

12
                                              Attorneys for Defendant
13                                             U.S. BANK NATIONAL ASSOCIATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Inniss v. U.S. Bank N.A., et al.*, Case No. 3:15-cv-00423-JSW

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1

## STATEMENT OF ISSUES TO BE DECIDED

2      1.      Whether Plaintiff's first cause of action for "Cancellation of Void Contract/Breach of

3  Contract" states a claim upon which relief can be granted.

4      2.      Whether Plaintiff's second cause of action for "Actual Fraud" states a claim upon

5  which relief can be granted.

6      3.      Whether Plaintiff's third cause of action for "Breach of Fiduciary Duty" states a

7  claim upon which relief can be granted.

8      4.      Whether Plaintiff's fourth cause of action for "Declaratory Relief" states a claim upon

9  which relief can be granted.

10      5.      Whether Plaintiff's fifth cause of action for "Violation of Business and Professions

11  Code § 17200" states a claim upon which relief can be granted.

12      6.      Whether Plaintiff's sixth cause of action for "Violation of the Covenant of Good

13  Faith and Fair Dealing" states a claim upon which relief can be granted.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Inniss v. U.S. Bank N.A., et al.*, Case No. 3:15-cv-00423-JSW

# <u>TABLE OF CONTENTS</u>

**Page**

I.   INTRODUCTION .................................................................................................1

II.  STATEMENT OF FACTS ..................................................................................1

III. LEGAL ARGUMENT ........................................................................................2

    A.   Each Of Plaintiff's Claims Is Time-Barred ............................................2

    B.   Plaintiff's First Cause Of Action Fails To State A Claim ......................6

          1.   Plaintiff's Cancellation Of Void Contract Claim Must Fail ...............6

          2.   Plaintiff's Breach Of Contract Claim Must Fail ...............................7

    C.   Plaintiff's Second Cause Of Action Fails To State A Claim ..................8

    D.   Plaintiff's Third Cause Of Action Fails To State A Claim .....................9

    E.   Plaintiff's Fourth Cause Of Action Fails To State A Claim .................11

    F.   Plaintiff's Fifth Cause Of Action Fails To State A Claim ....................11

    G.   Plaintiff's Sixth Cause Of Action Fails To State A Claim ...................14

IV. CONCLUSION .................................................................................................15

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1

# <u>INDEX OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*Agosta v. Astor,*
   120 Cal. App. 4th 596 (2004) .................................................................... 14

5

*Alperin v. Vatican Bank,*
6   410 F.3d 532 (9th Cir. 2005) .................................................................... 1

7

*Altman v. PNC Mortg.,*
8   850 F.Supp.2d 1057 (E.D. Cal., 2012).................................................... 13

9

*Amelco Electric v. City of Thousand Oaks,*
   27 Cal.4th 228 (2002) .............................................................................. 7

10

*Batt v. City and County of San Francisco,*
11   155 Cal.App.4th 65 (2007) ...................................................................... 11

12

*Bernardo v. Planned Parenthood Fed. of America,*
13   115 Cal. App. 4th 322 (2004) .................................................................. 11

14

*Bionghi v. Metro Water Dist.,*
15   70 Cal.App.4th 1358 (1999) .................................................................... 15

16

*Bonyadi v. CitiMortgage,*
   No. CV-12-5239-CAS, 2013 WL 877603 (C.D. Cal. Mar. 8, 2013) ......... 6, 7, 10

17

*California Grocers Assn. v. Bank of America,*
18   22 Cal.App.4th 205 (1994) ...................................................................... 6

19

*Californians for Native Salmon and Steelhead Ass'n v. Department of Forestry,*
20   221 Cal.App.3d 1419 (1990)..................................................................... 11

21

*Castillo v. Wells Fargo Bank, N.A.,*
   2:13-cv-08931, 2014 WL 1631389 (C.D. Cal. Apr. 23, 2014)................... 3

22

*Cervantes v. Countrywide Home Loans, Inc.,*
23   656 F.3d 1034 (9th Cir. 2011).................................................................. 4

24

*Chabner v. United of Omaha Life Ins. Co.,*
25   225 F.3d 1042 (2000) .............................................................................. 14

26

*Chroma Lighting v. GTE Products Corp.,*
   111 F.3d 137, 1997 WL 175062 (9th Cir. 1997)....................................... 14

27

*Copesky v. Superior Court,*
28   229 Cal.App.3d 678 (1991) ...................................................................... 15

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Inniss v. U.S. Bank N.A., et al.,* Case No. 3:15-cv-00423-JSW

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Daro v. Superior Court*,
    151 Cal. App. 4th 1079 (2007)...................................................................13

*DeLeon v. Wells Fargo Bank, N.A.*,
    2011 WL 311376 (N.D. Cal. Jan. 28, 2011)...............................................13

*Durell v. Sharp Healthcare*,
    183 Cal.App.4th 1350 (2010) .......................................................................8

*Glenn K. Jackson Inc. v. Roe*,
    273 F.3d 1192 (2001)...................................................................................14

*Glue-Fold, Inc. v. Slautterback Corp.*,
    82 Cal.App.4th 1018 (2000) .......................................................................11

*Gonsalves v. Hodgson*,
    38 Cal.2d 91 (1958) ......................................................................................9

*Hagan v. Fairfield*,
    238 Cal.App.2d 197 (1965) .........................................................................11

*Hamilton v. Greenwich Investors XXVI, LLC*,
    195 Cal.App.4th 1602 (2011) ...................................................................8, 9

*Hubbard v. Fidelity Federal Bank*,
    91 F.3d 75 (9th Cir. 1996) .............................................................................5

*ING Bank, FSB v. Chang Seob Ahn*,
    758 F. Supp. 2d 936 (N.D. Cal. 2010) .......................................................10

*Johnson v. SunTrust Mort., Inc.*,
    No. 14-2658, 2014 WL 3845205 (C.D. Cal. Aug. 4, 2014)........................10

*Karlsen v. American Sav. & Loan Assn.*,
    15 Cal.App.3rd (1971) ..................................................................................6

*Khoury v. Maly's of Cal., Inc.*,
    14 Cal. App. 4th 612 (1993) ..................................................................11, 13

*Kourtis v. Cameron*,
    419 F.3d 989 (9th Cir. 2005) .........................................................................2

*Lal v. American Home Mortg. Servicing, Inc.*,
    2009 WL 3126450 (E.D. Cal. Sept. 24, 2009)............................................15

*Leids v. Metlife Home Loans*,
    2009 WL 4894991 (C.D. Cal. Dec. 7, 2009)...............................................15

*Mendenhall v. JP Morgan Chase Bank*,
    No. C-10-5302, 2011 WL 1557884 (N.D. Cal. Apr. 25, 2011)....................4

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646 (9th Cir. 1988) ................................................................2

*Nastrom v. JPMorgan Chase Bank,*
    N.A., No. 11-01998, 2012 WL 5522795 (E.D. Cal. Nov. 14, 2012) ...................................12

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
    231 Cal.App.3d 1089 (1991) ................................................................9

*Oaks Mgmt. Corp. v. Superior Court*,
    145 Cal. App. 4th 453 (2006) ................................................................9

*Pareto v. F.D.I.C.*,
    139 F.3d 696 (9th Cir. 1998) ................................................................1

*Pension Trust Fund v. Federal Ins. Co.*,
    307 F.3d 944 (9th Cir. 2002) ................................................................15

*Perlas v. GMAC Mortg., LLC*,
    187 Cal.App.4th 429, 113 Cal.Rptr.3d 790 (2010) ................................................................10

*Philipson & Simon v. Gulsvig*,
    154 Cal.App.4th 347 (2007) ................................................................8

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
    522 F.3d 1049 (9th Cir. 2008) ................................................................3, 4, 5

*Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*,
    11 Cal.App.4th 1031 (1992) ................................................................14

*Rufini v. CitiMortgage, Inc.*,
    227 Cal.App.4th 299 (2014) ................................................................9

*Scripps Clinic v. Superior Court*,
    108 Cal.App.4th 917 (2003) ................................................................13

*Sierra-Bay Fed. Land Bank Assn. v. Superior Court*,
    227 Cal.App.3d 318 (1991) ................................................................10

*Silvas v. G.E. Money Bank*,
    449 Fed.Appx.641 (9th Cir. 2011) ................................................................5

*Simila v. American Sterling Bank*,
    2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) ................................................................13

*Smith v. City & County of San Francisco*,
    225 Cal.App.3d 38 (1990) ................................................................14

*Socop–Gonzalez v. I.N.S.*,
    272 F.3d 1176 (9th Cir. 2001) (en banc) ................................................................4

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Inniss v. U.S. Bank N.A., et al.*, Case No. 3:15-cv-00423-JSW

*Spurlock v. Carrington Mortg. Services, Inc.*,
  No. 09CV2273, 2010 WL 3069733 (S.D. Cal. Aug. 4, 2010) ............................................5

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
  2 Cal.App.4th 153 (1991) ............................................................................................9

*V.C. v. Los Angeles Unified Sch. Dist.*,
  139 Cal.App.4th (2006) ..............................................................................................3

*In re VerifoneSecs. Litig.*,
  11 F.3d 865 (9th Cir. 1993) ........................................................................................1

*Walsh v. Am. Trust*,
  7 Cal.App.2d 654, 47 P.2d r323 (1935) .....................................................................10

*Western Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ......................................................................................1

*Wilhelm v. Pray, Price, Williams & Russell*,
  186 Cal.App.3d 1324 (1986) .......................................................................................9

*Williams v. Bank of Am.*,
  2010 WL 3034197 (E.D. Cal. 2010) ...........................................................................7

*Young v. Deutsche Bank Nat. Trust Co.*,
  No. 13-00720, 2013 WL 4853701 (E.D. Cal. Sept 10, 2013) ......................................12

**CONSTITUTION AND STATUTES**

Bus. & Prof. Code § 17200 ............................................................................ 3, 11-14

Bus. & Prof. Code § 17204 ..................................................................................11

Bus. & Prof. Code §§ 17208 ..................................................................................3

Cal. Civ. Code § 1439...........................................................................................8

Cal. Civ. Code § 1575..........................................................................................6

Cal. Civ. Code § 1670.5.......................................................................................6

Cal. Civ. Code § 1689..........................................................................................6

Cal. Civ. Code § 1692..........................................................................................6

Cal. Civ. Code § 2923.5......................................................................................12

Cal. Civ. Code § 2923.6(c)..............................................................................12, 13

Cal. Civ. Code § 2923.6(f)..................................................................................12

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

v

Cal. Civ. Code § 2923.6(g)...............................................................................12

Cal. Civ. Code § 3412.......................................................................................6

Code Civ. Proc. § 337.................................................................................3, 7, 8

Code Civ. Proc. § 338(d)..................................................................................3

Code Civ. Proc. § 339.......................................................................................3

Code Civ. Proc. § 343.......................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)...................................................................................1

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Inniss v. U.S. Bank N.A., et al.*, Case No. 3:15-cv-00423-JSW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Defendant U.S. Bank National Association ("U.S. Bank" or "Defendant") moves to dismiss the Complaint filed by plaintiff Jerry A. Inniss ("Plaintiff") pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff has filed this meritless Complaint as an attempt to stall the foreclosure of the real property located at 5292 Sungrove Court, Antioch, California 94531 (the "Property") – despite his admitted default on his mortgage obligations.  After over five years of enjoying the benefits of the mortgage loan secured by the Property, Plaintiff seeks to avoid the associated payments by filing the instant action whereby he asks this Court to disregard his contractual obligations and grant him an unencumbered interest in the Property.  At this outset, Plaintiff's Complaint largely appears to be "cut and pasted" from an unrelated action[1].  Setting this aside, each of Plaintiff's (baseless) claims against U.S. Bank is nonetheless time-barred, improperly pled, or further seeks to impose a duty of care where none exists.  As discussed at length below, each of Plaintiff's claims must fail as a matter of law.  U.S. Bank respectfully request that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety without leave to amend.

### II.     STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re VerifoneSecs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).  In resolving a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  The Court, however, need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d

[1]The crux of Plaintiff's Complaint is that he unknowingly received an "Adjustable Rate Mortgage" that provides for negative amortization and a variable interest rate.  Compl., ¶¶ 21-31.  However, the judicially noticeable loan documents indicate that Plaintiff's loan is *not* an Adjustable Rate Mortgage.  Request for Judicial Notice ("RJN"), Exhs. A-D.  Plaintiff also refers to his loan as "purchase loan," but later identifies his loan as a "refinance."  *See* Compl., ¶¶ 15-16; *but see id.*, ¶ 126.  Plaintiff further asserts unrelated "securitization claims" in which he argues that he does not know who the owner of his loan is – despite the fact that the loan was originated by U.S. Bank, the title documents show it is still held by U.S. Bank, and Plaintiff in fact sued U.S. Bank.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

618, 624 (9th Cir. 1981). Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *accord Kourtis v. Cameron*, 419 F.3d 989, 994 n. 2 (9th Cir. 2005).

In keeping with these rules, and without conceding for any other purpose the truth of Plaintiff's allegations, U.S. Bank set forth the facts pertinent to this motion.

Plaintiff executed two promissory notes with U.S. Bank on or about September 30, 2009 to finance the purchase of the Property. The first loan was in the original principal balance of $290,633.00 (the "Subject Loan") and the second loan was in the original principal balance of $3,000 (the "Second Loan"). Compl., ¶ 17; RJN, Exh. A (the Subject Loan) and Exh. B (the Second Loan). Both loans were secured by deeds of trust recorded against the Property. RJN, Exh. C (the "Subject Deed of Trust") and Exh. D (the "Second Deed of Trust"). On October 1, 2009, Plaintiff obtained a third loan from Mechanics Bank secured by the Property in the original principal balance of $15,000 (the "Third Loan"). RJN, Exh. E. (the "Third Deed of Trust").

The Subject Deed of Trust provided that the lender was U.S. Bank, the trustee was Olivia Todd, and the beneficiary was MERS. RJN, Exh. C. An Assignment of Deed of Trust evidencing the assignment of MERS' interest in the Subject Deed of Trust from MERS to U.S. Bank was recorded against the Property on September 3, 2013. RJN, Exh. F. A Substitution of Trustee was recorded against the Property on September 4, 2013 whereby National Default Servicing Corporation ("NDSC") was substituted as the trustee under the Subject Deed of Trust. RJN, Exh. G. On or about September 11, 2013, a Notice of Default was recorded against the Property reflecting a past due amount of $19,720.47 owing under the Subject Loan. RJN, Exh. H. On or about October 3, 2014, a Notice of Trustee Sale was recorded indicating a sale date of October 28, 2014 for the Property. RJN, Exh. I. No foreclosure sale has taken place as of the date of this filing.

## III.  LEGAL ARGUMENT

### A.  Each Of Plaintiff's Claims Is Time-Barred

Each of Plaintiff's claims are premised upon any acts or omissions that occurred at the origination of Plaintiff's loan in 2009 and are therefore barred by the relevant statute of limitations.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    Specifically, Plaintiff claims that U.S. Bank and/or his broker at origination (which, as discussed

2    below, is *not* an agent of U.S. Bank), made negligent misrepresentations regarding his loan terms in

3    September of 2009.  *See generally* Compl.  However, Plaintiff did not file this action until December

4    19, 2014 - over five years after the alleged acts occurred.  Setting aside the fact that Plaintiff has not

5    properly alleged any facts constituting any wrongdoing on the part of U.S. Bank (which will be

6    discussed in further detail below), each of Plaintiff's claims is time-barred.  *See* Bus. & Prof. Code

7    §§ 17208 (four-year limitations period for actions brought under § 17200); Code Civ. Proc. §§ 337

8    (four-year limitations period of claim based on breach of written contract), 338(d) (three-year

9    limitations period for fraud-based claims), 339 (two-year limitations period of claim based on breach

10   of oral contract), 343 (four-year catch-all limitations period).

11        Plaintiff claims that any applicable statute of limitations has been tolled because "[d]espite

12   exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was

13   prevented from discovering, the wrongdoing complained of herein."  Compl.,¶ 15.  These conclusory

14   allegations are insufficient to avail Plaintiff's claims to the delayed discovery rule.  Specifically, "[a]

15   cause of action accrues when the claim is complete with all of its elements."  *Platt Elec. Supply, Inc.*

16   *v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (citing *Slovensky v. Friedman*, 142

17   Cal.App.4th, 1518 (2006).  Pursuant to California's discovery rule, accrual is postponed until "the

18   plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to

19   suspect a factual basis for its elements." *Platt*, 522 F.3d at 1054 (citations omitted).  However, a

20   plaintiff is "required to conduct a reasonable investigation after becoming aware of an injury, and is

21   charged with knowledge of the information that would have been revealed by such an

22   investigation….So long as there is a reasonable ground for suspicion, the **plaintiff must go out and**

23   **find the facts**; she cannot wait for the facts to find her." *Id.* (citation omitted) (emphasis added);

24   *accord V.C. v. Los Angeles Unified Sch. Dist.*, 139 Cal.App.4th, 499, 516, (2006) ("Rather than

25   examining whether the plaintiffs suspect facts supporting each specific legal element of a particular

26   cause of action, we look to whether the plaintiffs have reason to **at least suspect** that a type of

27   wrongdoing has injured them.") (emphasis added); *accord Castillo v. Wells Fargo Bank, N.A.*, 2:13-

28   cv-08931, 2014 WL 1631389 *5 (C.D. Cal. Apr. 23, 2014) (finding plaintiff's "lack of knowledge of

mortgage terminology" insufficient to constitute equitable tolling when plaintiff had every opportunity to review the terms of the contract); *accord Mendenhall v. JP Morgan Chase Bank*, No. C-10-5302, 2011 WL 1557884 *4 (N.D. Cal. Apr. 25, 2011) (finding equitable tolling not appropriate when plaintiffs had inquiry notice of alleged inconsistencies in loan documents, despite plaintiffs' claims that they were unaware of a possible claim).

Here, the crux of Plaintiff's allegations is that U.S. Bank and/or his broker misrepresented the terms of his mortgage loan. *See* Compl., ¶¶ 17-41, 102, 131, 138, 162, 167, 194. Specifically, Plaintiff claims that U.S. Bank concealed the fact that his loan was an Adjustable Rate Mortgage ("ARM") loan that provides for negative amortization and a variable interest rate. *Id.*, ¶¶ 21-27. However, contrary to Plaintiff's assertions, the Subject Loan is **not** an ARM loan. RJN, Exh. A, C. In fact, the Subject Loan has a fixed interest rate of 4.5% with minimum monthly payments of $1,472.59. RJN, Exh. A. Further, basic math indicates that making the minimum monthly payments on the Subject Loan does **not** result in negative amortization (i.e., $1,472.59 x 360 payments = $530,132.40). *See* RJN, Exh. A (reflecting original principal balance of $290,633.00). Further, the Subject Deed of Trust does not contain an Adjustable Rate Rider. RJN, Exh. C at p. 2. Thus, Plaintiff's claims regarding the purported misrepresentations concerning the terms of the Subject Loan must fail for this reason alone.

That said, assuming *arguendo* that there was any misrepresentation regarding the terms of his loan (and there was not as the Subject Loan is **not** an ARM loan, as shown above), it is clear that Plaintiff would have had, at the very least, a "reasonable ground for suspicion" each time he received a mortgage statement that showed the principal balance was increasing – if the Subject Loan was subject to negative amortization (and it was not). *See Platt,* 522 F.3d at 1054.

Furthermore, as Plaintiff has failed to allege any facts explaining why he was unable to discover his (baseless) claims sooner, equitable tolling is not proper. *Platt,* 522 F.3d at 1054 ("[P]laintiff must go out and find the facts"); *accord Socop–Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (internal citations omitted) (equitable tolling only applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim."); *accord Cervantes v. Countrywide Home Loans,*

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

4

*Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (citing *Socop-Gonzalez* and declining to toll statute of limitations when plaintiff did not allege circumstances beyond their control that prevented them from discovering the relevant information); *accord Silvas v. G.E. Money Bank,* 449 Fed.Appx.641, 644 (9th Cir. 2011) (finding equitable tolling was not appropriate when plaintiff "did not make any showing of due diligence to discover the contents of her loan documents."); *accord Spurlock v. Carrington Mortg. Services, Inc.,* No. 09CV2273, 2010 WL 3069733 *5 (S.D. Cal. Aug. 4, 2010) (equitable tolling not appropriate when the court could find "nothing in the facts of [the case] that would have prevented Plaintiffs from" discovering the information); *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75 (9th Cir. 1996) (declining to toll statute of limitations when plaintiff claimed to discover "possible anomalies or errors in her loan" because nothing prevented plaintiff from reviewing the contents sooner.

Further, to the extent Plaintiff's claims are based on fraudulent concealment, his Complaint must show: "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Platt*, 522 F.3d at 1055 (citing *Baker v. Beech Aircraft Corp.,* 39 Cal.App.3d 315, 321, 114 Cal.Rptr. 171 (1974) (citation omitted). "In urging lack of means of obtaining knowledge, it must be shown that in the exercise of reasonable diligence the facts could not have been discovered at an earlier date." *Id*. As discussed above, the Subject Note and Deed of Trust directly refute Plaintiff's allegations. RJN, Exhs. A, C. That said, assuming *arguendo* that there was a misrepresentation with regard to his loan terms (and there was not), Plaintiff does not claim that he did not have access to his loan documents (nor could he in good faith).

Thus, setting aside the fact that Plaintiff's claims are entirely baseless, his unsupported allegations do not contain facts availing his time-barred claims to equitable tolling. As a result, each of Plaintiff's claims is barred by the statute of limitations and this Court should grant U.S. Bank's Motion to Dismiss the entire Complaint as a result.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**B.      Plaintiff's First Cause Of Action Fails To State A Claim**

**1.      Plaintiff's Cancellation Of Void Contract Claim Must Fail**

Plaintiff's first cause of action seeks to cancel the Subject Loan under California Civil Code §§ 1670.5, 1689, 3412, 1575, and 1692 because it is purportedly unconscionable.  Compl., ¶¶ 98-118.  At the outset, "[u]nconscionability operates as a defense to enforcement of a contract of adhesion."  *California Grocers Assn. v. Bank of America*, 22 Cal.App.4th 205, 213  (1994).  However, section 1670.5 "does not in itself create an affirmative cause of action but merely codifies the defense of unconscionability."  *Id.* at p. 217 (citation omitted).  That said, Plaintiff claims that the Subject Loan should be rescinded under sections 1689 and 3412 based on the purported unconscionable terms.  However, "'in order to obtain rescission of an agreement, including rescission on the basis of inducement into the agreement by the defendant's fraudulent misrepresentation, a plaintiff must generally restore to the defendant everything of value which the plaintiff has received from defendant under the agreement.'"  *Bonyadi v. CitiMortgage*, No. CV-12-5239-CAS (FFMx), 2013 WL 877603, *5 (C.D. Cal. Mar. 8, 2013) (citing *Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc.*, 121 Cal.App.3d 447, 457 (1981); *Riggins v. Bank of Am., N.A.,* 12–cv–0033, 2013 WL 319285, at *11 (C.D. Cal. Jan. 24, 2013)).

Here, Plaintiff does not allege that he has offered to tender the Subject Loan proceeds.  Instead, Plaintiff lists four exceptions to the tender requirement that are not applicable in the instant action and then summarily concludes that "should no exceptions apply, Plaintiff offers to tender any amount as may be determined to be owed at the time of trial."  Compl., ¶ 100.  However, any offer of tender must be accompanied by the ability to perform such obligation.  *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3rd, 112, 117 (1971) (holding a tender is without legal force or effect if the borrower "is without the money necessary to make the offer good and knows it.").  In the instant action, any statements by Plaintiff regarding any alleged tender are disingenuous and refuted by Plaintiff's own admission that he cannot afford the Subject Loan.  *See* Compl., ¶¶ 121, 139.  This also necessitates dismissal.

Further, Plaintiff's Complaint lacks facts supporting his claims of unconscionability.  Specifically, "unconscionability has both a procedural and a substantive element, the former

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Bonyadi*, 2013 WL 877603 *6 (quoting *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 114, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000).  As discussed above, the Subject Loan does not actually contain the "unconscionable" terms that Plaintiff complains of.  *See* RJN Exhs. A, C.  Further, Plaintiff's Complaint does not allege any facts demonstrating that he "had no choice but to sign the loan contract that was presented to [him] by [U.S. Bank]."  *Id*. (dismissing cancellation of void contract claim where plaintiff failed to identify any facts that she had no choice but to sign the loan contract).

Moreover, assuming *arguendo* that Plaintiff did sufficiently plead a cause of action to cancel the Subject Loan (and he has not), as discussed above, the statute of limitations to rescind a contract is four years.  *See* Code Civ. Proc. § 337.  Here, Plaintiff entered into the Subject Loan in September of 2009.  He did not file the present action until December of 2014.  As discussed above, the delayed discovery does not apply and his first cause of action to rescind or void the Subject Loan contract is time-barred as a result.

### 2.    Plaintiff's Breach Of Contract Claim Must Fail

"Under a breach of contract theory, the plaintiff must demonstrate a contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and damage to the plaintiff." *Amelco Electric v. City of Thousand Oaks*, 27 Cal.4th 228, 243 (2002).  Thus, a plaintiff's first obligation is to identify the contract under which he sues.  Notably, a plaintiff must identify some specific contractual provision that was supposedly breached.  *Williams v. Bank of Am.,* 2010 WL 3034197, *4 (E.D. Cal. 2010) ("A breach of contract claim rests upon the actual terms of a contract and Plaintiffs fail to allege any breach of the express provisions of a contract… Consequently… further amendment would be futile.").  Here, Plaintiff fails to identify any specific provision of any specific agreement that U.S. Bank allegedly breached.  Further, to the extent the alleged contract at issue in this cause of action is written, this claim must fail because Plaintiff did not attach a copy of any alleged contract with U.S. Bank to the Complaint nor does he cite to the applicable terms of this contract in his pleading.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1     In addition, "it is elementary that one party to a contract cannot compel another to perform

2  while he himself is in default." *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1367-1368

3  (2010) (citation omitted); see also Civ. Code § 1439.  Failure to allege performance or a sufficient

4  excuse for nonperformance is fatal to a breach of contract claim.  *Hamilton v. Greenwich Investors*

5  *XXVI, LLC*, 195 Cal.App.4th 1602, 1614 (2011).  Here, Plaintiff admits to not being able to honor

6  the payment obligations of the subject loan.  Compl., ¶¶ 121, 139.  Thus, his admitted inability to

7  pay the loan precludes his breach of contract claim.

8     Further, as discussed above, Plaintiff's claims are completely without merit.  First, Plaintiff's

9  loan is not an ARM loan.  RJN, Exhs. A, C.  Second, with regard to Plaintiff's claims regarding the

10  purported securitization of his loan – there is nothing in the judicially noticeable title documents to

11  suggest that the Subject Loan was securitized.  In fact, the Subject Loan was originated by U.S.

12  Bank and is still held by U.S. Bank.  RJN, Exhs. C, F.  Moreover, the very acts that Plaintiff

13  complains of are actually permitted by the Subject Deed of Trust.  RJN, Exh. C at ¶ 20 ("The Note

14  or partial interest in the Note (together with this Security Instrument) can be sold one or more times

15  without prior notice to Borrower.").  Furthermore, Plaintiff's first cause of action is premised upon

16  acts or omissions that occurred at in 2009.  Thus, as discussed above, these claims are untimely.  *See*

17  Code Civ. Proc. §§ 337 (four-year limitations period of claim based on breach of written contract),

18  339 (two-year limitations period of claim based on breach of oral contract).  Thus, Plaintiff's breach

19  of contract claim fails as a result.

20     For all of these reasons, the Court should dismiss the first cause of action.

21     **C.     Plaintiff's Second Cause Of Action Fails To State A Claim**

22     To the extent that Plaintiff's fraud allegations pertain to the acts or omissions at the

23  origination of the Subject Loan, for the reasons discussed above and below, these claims are time-

24  barred and otherwise inapplicable against U.S. Bank.  Compl., ¶¶ 122-138.  Setting this aside,

25  Plaintiff has otherwise failed to state a fraud claim against U.S. Bank.  Specifically, the elements of a

26  cause of action for fraud consist of (a) misrepresentation, (b) knowledge of falsity, (c) intent to

27  defraud or induce reliance, (d) justifiable reliance, and (e) resulting damage.  *Philipson & Simon v.*

28  *Gulsvig*, 154 Cal.App.4th 347, 363 (2007).  "[E]very element of the cause of action for fraud must

8

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  be alleged in full, factually and specifically,…."  *Wilhelm v. Pray, Price, Williams & Russell,* 186

2  Cal.App.3d 1324, 1331 (1986).  The absence of any one of these essential elements will preclude

3  recovery.  *Gonsalves v. Hodgson*, 38 Cal.2d 91, 101 (1958).

4        Furthermore, as to corporate defendants like U.S. Bank, Plaintiffs must also "allege the

5  names of the persons who made the allegedly fraudulent representations, their authority to speak, to

6  whom they spoke, what they said or wrote, and when it was said or written."  *Tarmann v. State Farm*

7  *Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991); *accord Hamilton v. Greenwich Investors XXVI,*

8  *LLC*, 195 Cal.App.4th 1602, 1615 (2011) (affirming decision to sustain demurrer to fraud claim

9  where plaintiffs did "not say who at [the defendant company] made any statements to them").

10       Plaintiff's allegations in support of his second cause of action do not meet the heightened

11  particularity standard.  Specifically, Plaintiff's allegations fall far short of informing U.S. Bank of its

12  role in any alleged fraud or misrepresentation by failing to identify the time, place, and nature of

13  many of the purported misrepresentations or who made the supposedly false statements on their

14  behalf.  *See* Compl., ¶¶ 119-148.  Thus, Plaintiff has failed to fully, factually, and specifically plead

15  his fraud claim against U.S. Bank.

16       For all of the above reasons, Plaintiff's second cause of action for actual fraud must fail.

17       **D.      Plaintiff's Third Cause Of Action Fails To State A Claim**

18       Plaintiff's third cause of action claims that U.S. Bank breached a fiduciary duty owed to him.

19  However, as discussed above, each of Plaintiff's origination-based claims is time-barred.  That said,

20  California courts have long held that there is no fiduciary duty or duty of care owed to a borrower

21  where an institution's involvement in the loan transaction "does not exceed the scope of its

22  conventional role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231

23  Cal.App.3d 1089, 1096 (1991).  Further, "[a]bsent 'special circumstances' a loan transaction 'is at

24  arms-length and there is no fiduciary relationship between the borrower and lender.'"  *Oaks Mgmt.*

25  *Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006).  Here, Plaintiff has not alleged any

26  special circumstances that would impose a duty of care on U.S. Bank, which Plaintiff admits is the

27  original lender of the Subject Loan.  Compl., ¶ 18; RJN, Exhs. A, C.  *See Rufini v. CitiMortgage,*

28  *Inc.*, 227 Cal.App.4th 299, 312 (2014) ("no fiduciary duty exists between a borrower and lender in

9

1   an arm's length transaction.") (citation omitted); *accord Johnson v. SunTrust Mort., Inc.*, No. 14-

2   2658, 2014 WL 3845205, *7 (C.D. Cal. Aug. 4, 2014) (citing *Rufini* and holding there is no

3   fiduciary duty between a borrower and lender in an arm's length transaction).

4          Instead, Plaintiff first concludes (with no factual support) that his broker was acting as U.S.

5   Bank's agent.  Compl., ¶¶ 20-21.  However, in California, "[t]he law indulges no presumption that

6   an agency exists but instead presumes that a person is acting for himself and not as the agent for

7   another." *Walsh v. Am. Trust*, 7 Cal.App.2d 654, 659, 47 P.2d r323 (1935).  Accordingly, Plaintiff

8   has the burden of alleging that an agency relationship existed outside of the normal lender-borrower

9   relationship.  *ING Bank, FSB v. Chang Seob Ahn*, 758 F. Supp. 2d 936, 941 (N.D. Cal. 2010)

10  (plaintiff has burden on proving an agency relationship).  Here, Plaintiff's Complaint contains no

11  facts to support his claim of an agency relationship between the broker and U.S. Bank.  Plaintiff's

12  third cause of action must fail for this reason alone.

13         Second, Plaintiff concludes that U.S. Bank was also acting as a broker. Compl., ¶ 150.

14  However, Plaintiff cannot simply create a duty of care where none exists by concluding that U.S.

15  Bank was acting as a broker.  Whether U.S. Bank was acting as a broker is a legal conclusion that

16  this Court need not accept as true for purposes of this Motion to Dismiss.  *Ashcroft v. Iqbal*, 556,

17  U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (The court is

18  not bound to accept as true a legal conclusion couched as a factual allegation).  Notably, Plaintiff's

19  Complaint lacks any **_facts_** to support his claim that U.S. Bank was acting outside of its scope as a

20  lender in the Subject Loan transaction.  Contrary to Plaintiff's assertion, U.S. Bank was his lender

21  (not his broker) and thus did not owe Plaintiff a fiduciary duty in the subject transaction.RJN, Exhs.

22  A, C; *see Perlas v. GMAC Mortg., LLC*, 187 Cal.App.4th 429, 436, 113 Cal.Rptr.3d 790 (2010) ("A

23  lender is under no duty to determine the borrower's ability to repay the loan ... The lender's efforts to

24  determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not

25  the borrower's.") (citations and quotations omitted); *see also  Sierra-Bay Fed. Land Bank Assn. v.*

26  *Superior Court*, 227 Cal.App.3d 318, 334 (1991) ("A commercial lender is not to be regarded as the

27  guarantor of a borrower's success and is not liable for the hardships which may befall a borrower.");

28  accord *Bonyadi,* 2013 WL 877603 *5 ("Borrowers must rely on their own judgment and risk

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    assessment in deciding whether to accept a loan, and a lender cannot be liable in tort for failing to

2    advise a borrower about a loan's affordability, as plaintiff contends.").  Thus, U.S. Bank did not owe

3    Plaintiff a fiduciary duty.

4          For all of these reasons, Plaintiff's third cause of action should be dismissed.

5    **E.     Plaintiff's Fourth Cause Of Action Fails To State A Claim**

6          "The fundamental basis of declaratory relief is the existence of an actual, present controversy

7    over a proper subject."  *Californians for Native Salmon and Steelhead Ass'n v. Department of*

8    *Forestry*, 221 Cal.App.3d 1419, 1429 (1990).  Where there is no such controversy, a claim for

9    declaratory relief may be dismissed.  *Hagan v. Fairfield*, 238 Cal.App.2d 197, 202  (1965).

10         Plaintiff's fourth cause of action for declaratory relief must fail because it is not a cause of

11   action, but a form of equitable relief.  *See Batt v. City and County of San Francisco*, 155 Cal.App.4th

12   65, 82  (2007).  Equitable remedies "are dependent upon a substantive basis for liability, [and] they

13   have no separate viability" if all the plaintiff's other claims fail.  *Glue-Fold, Inc. v. Slautterback*

14   *Corp.*, 82 Cal.App.4th 1018, 1023, n. 3 (2000).  However, as Plaintiff does not assert a single viable

15   cause of action against U.S. Bank (as discussed above and below), there is nothing to support

16   Plaintiff's requests for declaratory relief, and this claim fails as a result.

17         Thus, Plaintiff's fourth cause of action should be dismissed against U.S. Bank.

18   **F.     Plaintiff's Fifth Cause Of Action Fails To State A Claim**

19         Plaintiff's fifth cause of action for violations of Business and Professions Code section 17200

20   (the "UCL") is based solely upon his prior deficient allegations.  However, to state a claim under the

21   UCL, a plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent

22   business act or practice" which caused the plaintiff to suffer "injury in fact" and "lost money or

23   property."  *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115

24   Cal. App. 4th 322 (2004).  In doing so, "[a] plaintiff must state with reasonable particularity the facts

25   supporting the statutory elements of the violation."  *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th

26   612, 619 (1993).

27         Plaintiff has not alleged the existence of any "unlawful, unfair or fraudulent business act or

28   practice."  To the extent these claims are brought under the "unlawful" prong of the UCL, they fail

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

11

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  because they are derivative of Plaintiff's other failed claims. Plaintiff also fails to properly allege

2  the violation of any other law. While it appears that Plaintiff is attempting to tie his UCL claim to a

3  violation of the California Homeowners Bill of Rights ("HBOR"), these claims are insufficiently

4  pled. Compl., ¶ 171 (asserting a violation of California Civil Code section 2923.5). Specifically,

5  contrary to Plaintiff's allegations, there is no right to a loan modification under HBOR. *See Young v.*

6  *Deutsche Bank Nat. Trust Co.*, No. 13-00720, 2013 WL 4853701, *1-2 (E.D. Cal. Sept 10, 2013)

7  (citing *Mabry v. Superior Court,* 185 Cal.App.4th 208, 214, 231 (2010)) ("[t]here is no right under

8  [HBOR] to a loan modification."); *accord Nastrom v. JPMorgan Chase Bank,* N.A., No. 11-01998,

9  2012 WL 5522795, *6 (E.D. Cal. Nov. 14, 2012) (citing *Hamilton v. Greenwich Investors XXVI,*

10  *LLC*, 195 Cal.App.4th, 1602, 1617 (2010)).

11          Further, to the extent that Plaintiff is purporting to assert a claim under section 2923.6(c), this

12  claim is also insufficiently pled. Specifically, section 2923.6 provides that a servicer/lender may not

13  record a notice of default or notice of trustee's sale or proceed with a foreclosure sale while the

14  borrower has a **complete** loan modification application under review. Cal. Civ. Code § 2923.6(c).

15  An application shall be deemed "complete" when a borrower has supplied the mortgage servicer

16  with all documents required by the mortgage servicer within the reasonable timeframes specified by

17  the mortgage servicer. Cal. Civ. Code § 2923.6(f). Here, Plaintiff does not claim that the Notice of

18  Default or the Notice of Trustee's Sale was recorded while he had a **complete** loan modification

19  pending – nor could he in good faith. In fact, Plaintiff claims that "U.S. Bank continues to request

20  updated documents, bank statements, and other mortgage-related items" – thus indicating that his

21  loan modification is **not** complete. Furthermore, Plaintiff does not claim that his loan modification

22  was **complete** when the Notice of Default was recorded in September of 2013 or when the Notice of

23  Trustee's Sale was recorded in October of 2014. RJN, Exhs. H, I. Moreover, the legislature took

24  care to ensure that borrowers do not purposely delay the foreclosure process by submitting multiple

25  applications for loan modifications. Specifically, section 2923.6(g) states that a servicer shall not be

26  obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair

27  opportunity to be evaluated for a first lien loan modification…" Cal. Civ. Code § 2923.6(g). Here,

28  Plaintiff does not plead any facts stating whether he has already been reviewed for a loan

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   modification.  Thus, it is unclear if section 2923.6(c) even applies to Plaintiff.  Accordingly, Plaintiff

2   has failed to plead a violation of HBOR or any other law.

3        And to whatever extent Plaintiff attempts to bring claims under the UCL's "unfair" or

4   "fraudulent" prong, his UCL claim is inadequately pled.  An "unfair" practice must be "tethered" to

5   specific "constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Superior Court,* 108

6   Cal.App.4th 917, 940 (2003).  Because Plaintiff fails to plead, with particularity, that U.S. Bank

7   engaged in such "unfair" practices, he fails to state a claim under the "unfair" prong.  *See Khoury*, 14

8   Cal.App.4th at 619 (UCL claims must be pled with particularity); *Simila v. American Sterling Bank*,

9   2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010) (dismissing UCL claim because "Plaintiffs have not

10  sufficiently 'tethered' their allegations of unfair competition to any underlying law").

11       Further, "to state a claim under the UCL based on fraudulent conduct, a plaintiff must allege,

12  with particularity, facts sufficient to establish that the public would likely be deceived by

13  Defendants' conduct."  *Perez v. Wells Fargo Bank*, N.A., 2011 WL 3809808, *16 (N.D. Cal. Aug,

14  29, 2011).  He has not done so.  Thus, Plaintiff also fails to state a claim under the "fraudulent"

15  prong.  *See id*. at *16 (dismissing UCL claim explaining that "Plaintiffs have not met this standard

16  because they have not identified specific deceptive statements or omissions … or alleged facts

17  showing why those specific statements or omissions would be likely to deceive the public.");

18  *Altman v. PNC Mortg*., 850 F.Supp.2d 1057, 1078-79 (E.D. Cal., 2012) (dismissing UCL claim

19  because "[t]he complaint … lacks … facts to describe how consumers were deceived"); *Khoury*, 14

20  Cal.App.4th at 619 (UCL claim lacked requisite particularity where plaintiff did not explain the

21  manner by which the defendant allegedly mislead the plaintiff's customers).

22       Moreover, Plaintiff lacks standing to bring a UCL claim against U.S. Bank in the first place.

23  "To bring a claim under the UCL, … [a plaintiff] must have suffered an injury in fact and lost money

24  or property as a result of [the] alleged unfair or fraudulent practices."  *DeLeon v. Wells Fargo Bank,*

25  *N.A*., 2011 WL 311376, *7  (N.D. Cal. Jan. 28, 2011) (citing Cal. Bus. & Prof. Code § 17204).  "That

26  causal connection is broken when a complaining party would suffer the same harm whether or not a

27  defendant complied with the law."  *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007).

28  Here, Plaintiff does not claim to have paid U.S. Bank any more money than is owing on the Sbuject

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    Loan.  Further, Plaintiff has not lost the Property as no foreclosure sale has occurred to date.

2    Moreover, any of Plaintiff's purported damages are the direct result of his own default – not any

3    conduct on the part of U.S. Bank.  Notably, Plaintiff has actually received a substantial windfall by

4    enjoying the benefits of the Property while failing to honor the agreed upon payment obligations.

5         Finally, Courts have made clear that the UCL cannot be used as an end-run around the

6    requirements of other statutes.  *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (2001)

7    (dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter

8    of law); *see also Krantz v. BT Visual Images*, L.L.C., 89 Cal.App.4th 164, 178 (2001) (the viability

9    of a UCL claim stands or falls with the antecedent substantive causes of action.").  "A court may not

10   allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one

11   for unfair competition."  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (2000).

12        For each of these reasons, Plaintiff's fifth cause of action should be dismissed.

13   **G.       Plaintiff's Sixth Cause Of Action Fails To State A Claim**

14        Plaintiff's sixth cause of action purports to assert a claim for breach of the covenant of good

15   faith and fair dealing.  However, similar to his other causes of action, this claim is time-barred.

16   Setting this aside, Plaintiff's sixth cause of action fails for additional reasons.  Specifically, "[u]nder

17   California law, the implied covenant of good faith protects only the express promises of the

18   contract."  *Chroma Lighting v. GTE Products Corp.,* 111 F.3d 137, 1997 WL 175062, *4 (9th Cir.

19   1997) (citations omitted).  It "rests upon the existence of some specific contractual obligation."

20   *Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*, 11 Cal.App.4th 1031, 1032 (1992).  "The

21   covenant 'cannot impose substantive duties or limits on the contracting parties ***beyond*** those

22   incorporated in the ***specific*** terms of their agreement.'"  *Agosta v. Astor,* 120 Cal. App. 4th 596, 607

23   (2004) (emphasis added) (quoting *Guz v. Bechtel National, Inc.,* 24 Cal.4th 317, 349–50 (2000)).

24        As discussed above, Plaintiff fails to specifically cite to a particular agreement that U.S.

25   Bank purportedly breached.  However, "the covenant of good faith and fair dealing is, by definition,

26   an implied contract term.  It has no relation to any statutory duties which may exist."  *Smith v. City*

27   *& County of San Francisco*, 225 Cal.App.3d 38 (1990).  Here, it is unclear what conduct U.S. Bank

28   engaged in that would give rise to a breach of the implied covenant of good faith and fair dealing.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  Specifically, Plaintiff fails to specify any explicit term in any explicit agreement upon which to

2  attach an implied duty.

3       Further, "tort recovery for breach of the covenant of [good faith and fair dealing] is available

4  only in limited circumstances, generally involving a special relationship between the contracting

5  parties…." *Bionghi v. Metro Water Dist.*, 70 Cal.App.4th 1358, 1370 (1999); *accord Pension Trust*

6  *Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) ("Generally, no cause of action for the

7  tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are

8  in a 'special relationship' with 'fiduciary characteristics.'").  The "implied covenant tort is not

9  available to parties of an ordinary commercial transaction where the parties deal at arms' length."

10  *Pension Trust Fund,* 307 F.3d at 955; *see also Copesky v. Superior Court*, 229 Cal.App.3d 678, 694

11  (1991) ("[T]he bank-depositor relationship is not a 'special relationship' . . . such as to give rise to

12  tort damages when an implied contractual covenant of good faith is broken."); *Lal v. American*

13  *Home Mortg. Servicing, Inc.*, 2009 WL 3126450, *4 (E.D. Cal. Sept. 24, 2009) ("California has

14  rejected a rule that would apply tort recovery for breach of the implied covenant in 'normal

15  commercial banking transactions.'").  Here Plaintiff has "pled no facts establishing a 'special

16  relationship' between" himself and U.S. Bank.  *See Leids v. Metlife Home Loans,* 2009 WL

17  4894991, *3 (C.D. Cal. Dec. 7, 2009).  Thus, to the extent he seeks tort damages for his breach of

18  the implied covenant claim, his claim must fail. *See* Compl., Prayer for Relief (requesting tort

19  damages).

20       For each of these reasons, Plaintiff's sixth cause of action fails to state a claim.

21  **IV.  CONCLUSION**

22       For the foregoing reasons, U.S. Bank respectfully requests that this Court grant its Motion to

23  Dismiss this action in its entirety.

24  //

25  //

26  //

27  //

28  //

Dated:  February 5, 2015                    Respectfully submitted,

                                            LOCKE LORD LLP


                                            By:  */s/ Lindsey E. Kress*

                                            Regina J. McClendon

                                            Lindsey E. Kress


                                            Attorneys for Defendant
                                            U.S. BANK NATIONAL ASSOCIATION

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Inniss v. U.S. Bank N.A., et al.,* Case No. 3:15-cv-00423-JSW